FILED

JUL 30 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GBBY EWA LIMITED PARTNERSHIP, Appellant, v. FINANCE FACTORS, LIMITED, Appellee. | No. 11-16063 D.C. No. 1:10-cv-00623-JMS-KSC MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Hawaii
J. Michael Seabright, District Judge, Presiding

Argued and Submitted June 13, 2013
Honolulu, Hawaii

Before: FARRIS, D.W. NELSON, and NGUYEN, Circuit Judges.

GBBY appeals the district court's affirmance of the bankruptcy court's handling of Finance Factors' foreclosure action. As part of this appeal, GBBY contends that the bankruptcy court lacked subject matter jurisdiction over this action. Since subject matter jurisdiction can be raised at any time, we must address

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

GBBY's eleventh-hour argument. *See Sebelius v. Auburn Reg'l Med. Ctr.*, 133 S. Ct. 817, 824 (2013).

This action was triggered by Summit Creditors' Trust's action in the bankruptcy court, which was brought, in part, to enforce a settlement agreement approved by the bankruptcy court in connection with its dismissal of an earlier bankruptcy proceeding. The Stipulation and Order approving the agreement and dismissing the action incorporated the settlement agreement by reference. This was sufficient to give the bankruptcy court ancillary jurisdiction over Summit Creditors' action. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994). Since the bankruptcy court had ancillary jurisdiction over Summit Creditors' action, it also had ancillary jurisdiction over Finance Factors' action as a "factually interdependent" claim. *See id.* at 379–80. Therefore, we have subject matter jurisdiction pursuant to 28 U.S.C. § 158(d)(1).

GBBY also argues that the bankruptcy court lacked authority to decide this case in light of the Supreme Court's decision in *Stern v. Marshall*, 131 S. Ct. 2594 (2011). However, unlike subject matter jurisdiction, the guarantee of an Article III hearing is "subject to waiver" because the right "protect[s] primarily personal, rather than structural, interests." *Commodity Futures Trading Comm'n v. Schor*, 478 U.S. 833, 848 (1986). When "the allocation of authority between bankruptcy

courts and district courts" is in question, the issue of consent is dispositive.  *See Exec. Benefits Ins. Agency, Inc. v. Arkison (In re Bellingham Ins. Agency, Inc.)*, 702 F.3d 553, 567 & n.9 (9th Cir. 2012) ("The only question, then, is whether EBIA did in fact consent to the bankruptcy court's jurisdiction."), *aff'd*, 134 S. Ct. 2165 (2014).  Since GBBY consented to the bankruptcy court's authority to enter final orders or judgment, there was no constitutional infirmity in the bankruptcy court entertaining this action.  *See id.*

GBBY's final two arguments pertain to the bankruptcy court's calculation of interest following its foreclosure judgment.  First, this judgment was not a "money judgment" as defined by 28 U.S.C. § 1961.  "A money judgment is one which adjudges the payment of a sum of money," *U.S. Fid. & Guar. Co. v. Ft. Misery Highway Dist.*, 22 F.2d 369, 372 (9th Cir. 1927), on which a party can collect by obtaining a writ of execution.  *See Hilao v. Estate of Marcos*, 95 F.3d 848, 854 (9th Cir. 1996).  Under Hawaii law, foreclosure process entails two final, appealable orders: (1) a decree of foreclosure and (2) a deficiency judgment, if a deficiency exists following the foreclosure sale.  *See City Bank v. Abad*, 105 P.3d 1212, 1219 (Haw. Ct. App. 2005).  Only the latter is a money judgment.  Although a foreclosure decree may or may not determine what a mortgagee is entitled to collect from a foreclosure sale, it "[does] not direct the payment of money and

[does] not find an amount of money to be due from the defendant to the plaintiff." *See Harada v. Ellis*, 591 P.2d 1060, 1065 (Haw. 1979). Consequently, the interest rate specified by 28 U.S.C. § 1961 did not apply to the bankruptcy court's foreclosure judgment.

Nor did the mortgage terms merge into the judgment under Hawaii law. The Hawaii Supreme Court has only held that, upon judgment, promissory notes merge with the judgment such that their "negotiability, as commercial paper, cease[d]." *Realty Fin., Inc. v. Schmidt*, 86 P.3d 1000, No. 23441, 2004 WL 541878, at *6 (Haw. Mar. 18, 2004) (unpublished table opinion). *Schmidt* did not hold that the interest rate on a note ceases to operate when the note merges into the judgment, and it does not overrule earlier Hawaii Supreme Court opinions to the contrary. *See, e.g.*, *Kamaole Resort Twenty-One v. Ficke Hawaiian Invs., Inc.*, 591 P.2d 104, 109 (Haw. 1979). The bankruptcy court did not err in applying the contract rate of interest following its foreclosure judgment.

**AFFIRMED.**

4